FILED
Attachment 1 - Civil Complaint
JAN 3 0 2020
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY _____
         DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
_____WACO_____ DIVISION

Daniel L. De Groff
(Enter your full name)
         Plaintiff(s)

CASE NUMBER: **W20 CA067**
(Supplied by Clerk's Office)

Jeremy Bost Individually, James West Individually, City of Waco, McLennan Co. Sheriff's Dept.
(Enter full name of each Defendant)
         Defendant(s)

## COMPLAINT

First Paragraph (Name and Address of Plaintiff)
Daniel De Groff  142 Southill Road.  San Antonio, TX  75201

Second Paragraph (Name and Address(es) of Defendant(s))
Jeremy Bost, James West, City of Waco, Mc Lennon Co. Sheriff's.  901 Washington Ave. Waco, TX  76701

Third Paragraph (Jurisdiction Plea)  This Court has subject matter jurisdiction under 28 USC § 1331, on the basis of there being a federal question relating to the U.S. Constitution. See Bivens v. Six Unknown Narcotics Agents, 403 U.S. 388 (1971).

Fourth Paragraph (Allegation 1)
   See Attached

Fifth Paragraph (Allegation 2) ...
   See Attached

The final paragraph should contain a statement of the relief you are seeking.   This paragraph should not be numbered.

_Daniel De Groff_
Signature
Name (Typed or Printed) DANIEL DEGROFF
Address 142 Southill  S.A.  TX 78201
Telephone Number 469-345-2449

27

Rev. Ed. October 26, 2017

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

Civil Action No.

Daniel De Groff

    Plaintiff,

v.

JEREMY BOST, individually;
JAMES WOLF, individually;
CITY OF WACO; AND
COUNTY OF MCLENNAN

    Defendants,

W20CA067

---

## CIVIL RIGHTS COMPLAINT WITH REQUEST FOR TRIAL BY JURY

---

Plaintiff Daniel De Groff, complains against Defendants and requests trial by jury as follows:

### I. INTRODUCTION

1. This is an action brought by Daniel De Groff, a 40 year resident of Texas to vindicate profound deprivations of his constitutional rights caused by police brutality.

2. On January 31, 2018, Plaintiff, then 57 years old, was stopped by a McLennan County Narcotics officer for allegedly making a sudden lane change, talking on cell phone, and and a 3rd brake lamp not bright enough.

3. During the course of this stop, Mr. De Groff was not only beaten senselessy, but threatened to be "chained to a toilet and never be heard from again"  Defendant was known to be defenseless.

4. The individually sued Defendant officers initiated the violence by putting on wire gloves in an effort to break Defendants rear windows. Upon seeing the rage of Defendant officers, Mr. De Groff exited vehicle and was immediately grabbed by both Defendant officers. His face was slammed into the trunk and hands cuffed while 2nd Defendant officer struck Mr. De Groff's leg with knee until he collapsed. Defendant officers then proceeded to jump on Mr. De Groff's back and inflicted additional injuries.

## STATEMENT OF FACTS

1. At the time he was pulled over by McLennan County Deputies he was traveling alone but had his 2 dogs.
2. Defendant Bost made the initial contact with Mr. De Groff during this traffic stop.
3. Defendant Bost accused Mr. De Groff of a sudden lane change with out signaling fast enough.
4. Mr. De Groff asked Defendant Bost " if he saw the lady doing 40 MPH in a 70 MPH?
5. Defendant Bost replied " Yup and we go her too".
6. Defendant Bost accused Mr. De Groff of talking on his phone and 3rd brake lamp not bright enough.
7. Mr. De Groff informed Defendant Bost that he was not talking on phone but checking traffic to Austin.
8. Mr. De Groff informed Defendant Bost that he will have the light looked at upon returning home.
9. Defendant Bost wanted to see ID. Mr. De Groff why he felt this needed to be escalated any further?
10. Defendant Bost than chuckled and said " Son you don't mess around in McLennan County".
11. Mr. De Groff advised he is not messing around and did not feel he needed to present an ID over this.
12. Defendant Bost then advised driving is not a right but a privilege in Texas and began punching glass.
13. Defendant Wolf arrived on the scene and also started trying to break out the rear windows.
14. Mr. De Groff and his pets were in shock and asked what they were doing and that he is filming this.
15. After 30 seconds of punching glass Mr. De Groff advised he would provide ID.
16. Defendant Bost stopped punching glass and screamed " hands were I can see them"
17. Mr. De Groff did not want to get shot over a brake light and unwisely got out of the car.
18. Defendant's Bost and Wolf immediately grabbed a startled Mr. De Groff and took to rear of car.
19. As previously outlined Mr. De Groff was cuffed and beaten.

20. Mr. De Groff immediately informed Defendant Bost that the "cuffs are on way to tight!"
21. Defendant Bost informed Mr. De Groff "he's seen people slip out of them before"
22. Mr. De Groff asked "what are you doing my dogs are in there."
23. Defendant Bost replied " Don't give a damn about you or your dogs".
24. Defendant officers then threw Mr. De Groff in an SUV and proceeded to tear apart his car.
25. Defendant officers had no probable cause, no permission from Plaintiff and no warrant.
26. Plaintiff bleeding profusely from chin and right elbow area still not knowing what he did.
27. Defendant officers had no probable cause. No open container, no drug smells; they found nothing.
28. In concert or conspiracy, Defendants then maliciously and baselessly take Mr. De Groff to jail for for a defective 3rd brake lamp. (only need a minimum 2 per Texas Code) and failure to ID. Mr. De Groff tried but did not want to get shot.
29. Upon arrival at the McLennan County jail, Defendant Bost told Mr. De Groff " See I told you not to screw around we'll change your ass to toilet and they will never hear from you again"
30. Mr. De Groff has a documented history of gall stones and pancreatitis. He started vomiting blood a asked for medical attention. He pleaded with them to call Grapevine Hospital to confirm. No medic was provided. He remained in and out of consciousness in a holding cell for 13 hours before being
31. The McLennan County Sheriff Sargent on duty would take Mr. De Groff out of cell to clean the floo and will be heard on Jail audio as saying " we got to get you out of here your messing up my jail".
32. The McLennan County Sheriff nurse on duty was asked if she thought the cuffs might be on to tigh
33. McLennan County Sheriff nurse on duty had a horrified look on her face and nodded her head yes.
34. Defendant badly beaten trying to walk in jail holding a trash can was belittled by other McLennan C officers. One stated " see what drugs and alcohol will do to you"? Clueless it is a serious medical c
35. McLennan Co. officer Jane Doe in charge of releasing Mr. De Groff and returning personal propert screamed "what the f are you doing? you can open your possession bag in here. Sarge I think we needs to go back in his cell"
36. Mr. De Groff informed the officer he would like to verify all his possessions are here before signing
37. McLennon officer Jane Doe will be heard on jail audio/video at Mr. De Groff. " F you we don't need your signature just get the F out".
38. Upon arriving at the impound yard Mr. De Groff witnessed 4 other cars with broke out rear window covered in blue tarping. Once broken they can charge an additional preservation fee to the victim

39. In addition to the police misconduct the defendant's sent Mr. De Groff's pets to the human society.

40. He was informed since they were "picked up on the streets" they would need to neuter his male do

41. Mr. De Groff beaten, bleeding and unable to walk had to call city hall to prevent this cruelty.

42. Mr. De Groff was told they would put in their system do not neuter if ever picked up in Waco again

43. Mr. De Groff did not have health coverage at the time he stopped at Scott and White but due to his being in the car and a large number of people he did not check himself in.  He spoke with an atten that informed him they do not have nerve conduction testing here and provided him with some Lid for the nerve pain in both wrists and butterflied bandaged his lacerated elbow.

44. Mr. De Groff just wanted to make the long painful trip back to San Antonio and get in his own bed.

45. Future testing revealed a fracture to Mr. De Groff's left wrist along Carpel Tunnel and Neuropathy.

46. Chipped epicondyle in right elbow with scarring from laceration and patella injuries to right knee.

9. This case is instituted in the United States District Court for the Western District of Texas pursuant to 28 U.S.C. §1391 as the judicial district in which all relevant events and omissions occurred and in which Defendants maintain offices and/or reside.

### III.  PARTIES

10. At all times relevant hereto, Plaintiff Daniel De Groff was a 38 year resident of the State of Texas and a citizen of the United States of America.

11. At all times relevant hereto, Defendant Jeremy Bost was a citizen of the United States and a resident of the State of Texas and was acting under color of state law in his capacity as a law enforcement officer employed by the Defendant City of Waco and/or McLennan County Sheriff's Office. Defendant Bost is sued individually.

12. At all times relevant hereto, Defendant James Wolf was a citizen of the United States and a resident of the State of Texas and was acting under color of state law in his capacity as a law enforcement officer employed by the Defendant City of Waco and/or McLennan County Sheriff's Office. Defendant Wolf is sued individually.

14. Defendant City of Waco & County of McLennon, hereinafter "Defendant City" is a Texas municipal corporation and is the legal entity responsible for itself and for the McLennan Co. Sheriff's Office. This Defendant is also the employer of the individual Defendants and is a proper entity to be sued under 42 U.S.C. § 1983.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

42 U.S.C. § 1983 – Excessive Force in violation of the Fourth and Fourteenth Amendments (Against Defendants Bost and Wolf) Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein. 42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . . Plaintiff in this action is a citizen of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983. All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as McLennan Co. police officers and their acts or omissions were conducted within the scope of their official duties or employment. At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force. Plaintiff also had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

VI. PRAYER FOR RELIEF Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant: A. compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial; B. economic losses on all claims allowed by law; C. special damages in an amount to be determined at trial; D. punitive damages on all claims allowed by law against individual Defendants and in an amount to be determined at trial; E. attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988 including expert witness fees, on all claims allowed by law; F. pre- and post-judgment interest at the lawful rate; and, G. any further relief that this court deems just and proper, and any other appropriate relief at law and equity. PLAINTIFF REQUESTS A TRIAL BY JURY.

Respectfully submitted this 29TH day of January 2020.

Daniel L. De Groff

This envelope is for use with the following services: **UPS Next Day Air®**
**UPS Worldwide Express℠**
**UPS 2nd Day Air®**

Apply shipping documents on this side.

Do not use this envelope for:

UPS Ground



DANIEL DE GROFF
(469) 345-2449
THE UPS STORE #3847
STE 300
1079 W ROUND GROVE RD
LEWISVILLE  TX 75067-7927

0.5 LBS LTR 1 OF 1
SHP WT: LTR
DATE: 29 JAN 2020

SHIP  US DISTRICT COURT CLERK
TO:   RM 380
      800 FRANKLIN AVE

      WACO  TX 76701-1934



TX 767 0-12

UPS NEXT DAY AIR                1
TRACKING #: 1Z 78R 79R 01 5833 8990



BILLING: P/P

ISH 13.00N ZZP 450 83.5V 12/2019

or conditions established by the Convention for the Unification of Certain Rules Relating to International Carriage by Air (the "Warsaw Convention") and/or
ties, technology or software were exported from the U.S. in accordance with the Export Administration Regulations. Diversion contrary to U.S. law prohibited.

01880250709  11/18   United Parcel Service