IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **DANIEL L. DEGROFF,** § | |
| *Plaintiff,* § | |
| § | |
| **v.** § | |
| § | |
| **JEREMY BOST, JAMES WOLFE,** § | CIVIL NO. 6:20-CV-00067-ADA-JCM |
| **CITY OF WACO, AND COUNTY OF** § | |
| **MCLENNAN** § | |
| *Defendant.* § | |

**ORDER ON DEFENDANTS' MOTION TO DISMISS OR, ALTERNATIVELY MOTION FOR RULE 7(a) REPLY AND STAY OF DISCOVERY**

Before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint, or alternatively, Motion for Rule 7(a) Reply and Stay of Discovery. Defs.' Mot., ECF No. 15.

**I. INTRODUCTION**

Plaintiff brings this case pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants violated his Fourth Amendment right to be secure in his person from unreasonable seizure by the use of excessive force. Pl.'s Am. Compl., ECF No. 4 at ¶ 57[1]. He claims Defendants violated his Fourteenth Amendment right to bodily integrity and freedom from the use of excessive force by law enforcement. *Id*. at ¶ 55. Plaintiff further claims that Defendants violated his First Amendment right to be free from retaliation from protected speech by failing to allow Plaintiff to question law enforcement. *Id*. at ¶ 74.

On January 31, 2018, Plaintiff Daniel DeGroff was stopped by McLennan County Deputy, Defendant Jeremy Bost. *Id*. at ¶ 2. Bost initially stopped DeGroff—DeGroff was accompanied by his two dogs at the time—for making a sudden lane change without signaling fast enough. *Id*. at ¶ 3. Deputy Bost confronted DeGroff regarding DeGroff's talking on the

---

[1] Plaintiff filed his Complaint on January 30, 2020 (ECF No. 2) and subsequently filed his Amended Complaint on February 4, 2020 (ECF No. 4).

phone while driving, to which DeGroff replied that he was checking traffic to Austin. *Id.* at ¶ 7. Bost then asked to see DeGroff's identification. *Id.* at ¶ 9. DeGroff responded by asking why the officer felt the event needed to be escalated any further and that he did not think it was necessary to provide his identification. *Id.* at ¶ 9, 12. DeGroff claims that Deputy Bost then began punching the glass on the vehicle. *Id.* at ¶ 12. Defendant Officer Wolfe[2] then arrived and assisted Bost in attempting to break out the rear windows of DeGroff's vehicle. *Id.* at ¶ 13. This tactic proved unsuccessful, and after further pleas by the officers, DeGroff exited the vehicle. *Id.* at ¶ 17. DeGroff claims that Defendants immediately grabbed him and brought him to the rear of his vehicle, where he was cuffed and beaten. *Id.* at ¶ 18. DeGroff claims he was bleeding profusely from his chin and right elbow as the officers took him to jail. *Id.* at ¶ 26. Once released, DeGroff stopped by Baylor Scott & White but did not check-in. *Id.* at ¶ 43. DeGroff was informed that there was no nerve conduction testing at the hospital; however, a hospital employee provided him with lidocaine for the pain in both of his wrists and a butterfly bandage for his elbow before he went on his way. *Id.* at ¶ 43. DeGroff claims that later testing revealed a fracture to his left wrist and a chipped epicondyle in his right elbow. *Id.* at ¶ 45.

On January 1, 2020, DeGroff filed this action. Pl.'s Compl., ECF No. 2. Plaintiff filed his Amended Complaint on February 4, 2020. Pl.'s Am. Compl., ECF No. 4. There are four defendants in this case. The two Individual Defendants consist of Officer Jeremy Bost and Officer James Wolfe. *Id.* Plaintiff also brings suit against the City of Waco and McLennan County as municipalities. *Id.*

---

[2] In Plaintiff's Complaint (ECF No. 2) and Amended Complaint (ECF No. 4), Defendant James Wolfe is referred to as "Wolf" by the Plaintiff. Defendants correct this error in their Motion to Dismiss. Defs.' Mot., ECF No. 15.

On May 13, 2020, Defendants filed a Motion to Dismiss Plaintiff's Complaint, or alternatively, Motion for Rule 7(a) Reply and Stay of Discovery. Plaintiff failed to timely respond to Defendants' Motion.

## II. LEGAL STANDARD

### A. Failure to State a Claim

Title 42 U.S.C. § 1983 creates a cause of action against any person who, under color of law, causes another to be deprived of a federally protected constitutional right. Two allegations are required to state a cause of action under 42 U.S.C. § 1983. "First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Manax v. McNamara*, 842 F.2d 808, 812 (5th Cir. 1988).

Upon motion or sua sponte, a court may dismiss an action that fails to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6); *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006). To survive Rule 8, a nonmovant must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The court begins by identifying which allegations are well-pleaded facts and which are legal conclusions or elemental recitations; accepting as true the former and rejecting the latter. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court need not blindly accept every allegation of fact; properly pleaded allegations of fact amount to more than just conclusory allegations or legal conclusions "masquerading as

factual conclusions." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). The court then determines whether the accepted allegations state a plausible claim to relief. *Id.* at 379.

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks omitted). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* For purposes of Rule 12(b)(6), "pleadings" include the complaint, its attachments, and documents referred to in the complaint and central to a plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–499 (5th Cir. 2000).

**B. Qualified Immunity**

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action barred by qualified immunity. *See Bustillos v. El Paso Cnty. Hosp. Dist.*, 226 F. Supp. 3d 778, 793 (W.D. Tex. 2016) (Martinez, J.) (dismissing a plaintiff's claim based on qualified immunity). Qualified immunity shields government officials from civil liability for claims under federal law unless their conduct "violates a clearly established constitutional right." *Mace v. City of Palestine*, 333 F.3d 621, 623 (5th Cir. 2003). Qualified immunity balances "the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Because qualified immunity shields "all but the

plainly incompetent or those who knowingly violate the law," the Fifth Circuit considers qualified immunity the norm and admonishes courts to deny a defendant immunity only in rare circumstances. *Romero v. City of Grapevine*, 888 F.3d 170, 176 (5th Cir. 2018) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)) (internal quotation marks omitted).

Courts use a two-prong analysis to determine whether an officer is entitled to qualified immunity. *Cole v. Carson*, No. 14-10228, 2019 WL 3928715, at *5 (5th Cir. Aug. 20, 2019), *as revised* (Aug. 21, 2019). A plaintiff must show (1) the official violated a constitutional right; and (2) the constitutional right was "clearly established" at the time of the defendant's alleged misconduct. *Reed v. Taylor*, 923 F.3d 411, 414 (5th Cir. 2019). The Supreme Court held in *Pearson* that "the judges of the district courts . . . should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first." 555 U.S. at 236. Although qualified immunity is an affirmative defense, the plaintiff bears the burden to rebut the defense and assert facts to satisfy both prongs of the analysis. *Brumfield*, 551 F.3d at 326. If a plaintiff fails to establish either prong, the public official is immune from suit. *Zarnow v. City of Wichita Falls*, 500 F.3d 401, 407 (5th Cir. 2007).

A heightened pleading requirement is imposed on a civil rights plaintiff suing a state actor in his individual capacity. *Elliott v. Perez*, 751 F.2d 1472, 1479 (5th Cir. 1985). To satisfy the heightened pleading requirement and maintain a § 1983 action against an official who raises a qualified immunity defense, a complaint must allege with particularity all material facts establishing a plaintiff's right of recovery, including "detailed facts supporting the contention that [a] plea of immunity cannot be sustained." *Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit*, 954 F.2d 1054, 1055 (5th Cir. 1992). Mere conclusory

allegations are insufficient to meet this heightened pleading requirement. *Elliott*, 751 F.2d at 1479.

**C.  Fourth Amendment Excessive Force**

"[A]ll claims that law enforcement officers have used excessive force-deadly or not-in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). "[P]laintiff must allege: (1) an injury that (2) resulted directly and only from the use of force that was excessive to the need, and (3) the use of force was objectively unreasonable" to plead an excessive force claim under § 1983. *Bush v. Strain*, 513 F.3d 492, 502 (5th Cir. 2008).

To determine whether the Individual Defendants' actions were objectively reasonable, the analysis is an "objective (albeit fact-specific) question whether a reasonable officer could have believed" that he was violating the plaintiff's constitutional rights "under the circumstances of the complained of action." *Mangieri v. Clifton*, 29 F.3d 1012, 1017 (5th Cir. 1994) (quoting *Anderson v. Creighton*, 483 U.S. 635, 641, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. "To gauge the objective reasonableness of the force used by the law enforcement officer, the Court must balance the amount of force used against the need for force." *Flores v. City of Palacios*, 381 F.3d 391, 399 (5th Cir.2004) (internal quotation marks and citations omitted).

**D.  Municipal Liability**

Municipalities, including counties and cities, may be liable under 42 U.S.C. § 1983. *Hampton Co. Nat'l Sur., LLC v. Tunica Cnty.*, 543 F.3d 221, 224 (5th Cir. 2008). In a § 1983

lawsuit against a municipality, a plaintiff must show that his constitutional injury was the result of official policy, custom, or the act of an official policymaker. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690–91 (1978). However, municipalities such as the City of Waco and McLennan County cannot be liable under a theory of respondeat superior. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Municipal liability under § 1983 requires proof of three elements: (1) an official policy or custom, of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy or custom. *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002); see also *Valle v. City of Houston*, 613 F.3d 536, 541–42 (5th Cir. 2010).

**E. Rule 7(a)**

The Supreme Court has held that plaintiffs are not required to anticipate a defendant's qualified immunity defense by providing greater specificity in their initial complaint. *Crawford-El v. Britton*, 523 U.S. 574, 595 (1998). Accordingly, a plaintiff may be required to "engage the affirmative defense of qualified immunity when invoked." *Schultea v. Wood*, 47 F.3d 1427, 1430 (5th Cir. 1995) (en banc); *Jackson v. Valdez*, No. 3:18-CV-2935-X-BH, 2020 WL 869792, at *2 (N.D. Tex. Feb. 20, 2020). "When a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to reply to that defense in detail" under Rule 7(a). *Schultea,* 47 F.3d. at 1433. A sufficiently detailed Rule 7(a) reply must allege "with particularity all material facts on which [the plaintiff] contends [he] will establish [his] right to recovery, which ... include[s] detailed facts supporting the contention that the plea of immunity cannot be sustained." *Warnock v. Pecos County, Tex.*, 116 F.3d 776, 779 (5th Cir. 1997) (quoting *Elliot v. Perez*, 751 F.2d 1472, 1482

(5th Cir. 1985)). "Vindicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist." *Id*.

## III. ANALYSIS

### A. Fourth Amendment Excessive Force Claim and Qualified Immunity Defense

Plaintiff alleges that the Individual Defendants slammed his face into the trunk of his car, that he was kneed in his leg, causing him to collapse, and that the Individual Defendants jumped on his back—inflicting additional injuries. Plaintiff contends that he received a fracture on his left wrist, along with aggravation of his carpel tunnel and neuropathy. Plaintiff also claims his epicondyle in his right elbow was chipped and is permanently scarred due to the laceration. Plaintiff has satisfied the first step of the qualified immunity analysis; he has alleged facts that, if proven, constitute a violation of his clearly established Fourth Amendment right to be free from excessive force. *Graham*, 490 U.S. at 394.

The law was clearly established at the time of Plaintiff's arrest, that "the right to make an arrest necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Bush*, 513 F.3d at 502 (internal quotation marks omitted). However, during the arrest, "the permissible degree of force depends on the severity of the crime at issue, whether the suspect posed a threat to the officer's safety, and whether the suspect was resisting arrest or attempting to flee." *Id*. According to Plaintiff's version of the events, set out in his complaint, he did not pose a threat to the officers, he was not resisting, and his alleged criminal conduct was not severe. Pl.'s Am. Compl. at 3. Defendants point out that Plaintiff did not explicitly claim that he was not posing a threat to the officers. Defs.' Mot. at 8. Moreover, Defendants also point out that Plaintiff was charged with resisting arrest, along with defective equipment and failure to ID after the incident in question. Defs.' Mot. at 8 n.5.

Whether Plaintiff was resisting arrest is a critical factor in determining the reasonableness of the Individual Defendants' conduct. If Plaintiff was actively resisting arrest, the force necessary to apprehend him naturally escalates. However, this degree of escalation is relative to the need for force in the situation. *See Pena v. City of Rio Grande City*, 879 F.3d 613, 619 (5th Cir. 2018). Accordingly, "[e]xcessive force claims are necessarily fact-intensive; whether the force used is excessive or unreasonable depends on the facts and circumstances of each particular case." *Darden v. City of Fort Worth, Texas*, 880 F.3d 722, 728 (5th Cir. 2018); *see also Graham*, 490 U.S. at 396.

This is not an obvious case in which the entitlement to qualified immunity can be determined without further development of the facts. *See Hatcher v. Bement*, No. 3:14-CV-432-M-BN, 2015 WL 1511106, at *9 (N.D. Tex. Apr. 3, 2015). For the Court to determine the reasonableness of the Individual Defendants actions, with respect to the Fourteenth Amendment Claim and the asserted defense of Qualified Immunity, the Court must determine if the Individual Defendants actions were reasonable in light of the circumstances, and "whether it would have been clear to a reasonable officer in the [defendant's] position that [his or her] conduct was unlawful in the situation [he or she] confronted" *Wood v. Moss*, 572 U.S. 744, 758 (2014). When significant fact questions remain as to both the plaintiff's and the defendants' knowledge, actions, and omissions, more discovery is required. *See Webb v. Livingston*, No. 6:13cv711, 2014 WL 1049983, at *8 (E.D. Tex. Mar.14, 2014). Additionally, even with sufficient development of the facts, factual conflicts are left to the jury to resolve. Nevertheless, this case requires more discovery, therefore, Defendants' Motion to Dismiss Plaintiff's Fourth Amendment claim is **DENIED**.

### B. Fourteenth Amendment Excessive Force Claim

The Court notes that Plaintiff brings his excessive force claim against Defendants under both the Fourth and Fourteenth Amendments. However, "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (internal punctuation omitted). The United States Supreme Court made clear in *Graham*, that "all claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness standard" rather than the Fourteenth Amendments substantive approach. *Graham v. Connor*, 490 U.S. 386. The Fourth Amendment provides an explicit textual source of protection against the sort of physically intrusive governmental conduct claimed in this case.[3] *Id*. Thus, the Fourth Amendment must govern. *Id*. Accordingly, Plaintiff's Fourteenth Amendment claim is **DISMISSED**, and the Court will address his claims in the context of the Fourth Amendment.

### C. First Amendment Retaliation Claim

For Plaintiff to prevail on his First Amendment retaliation claim against the Individual Defendants, Plaintiff must demonstrate that he "engaged in conduct protected by the First Amendment" and that "the government took action against [him] because of that protected

---

[3] Because Plaintiffs complains of excessive force during the course of a seizure, the excessive force claim is susceptible to proper analysis under the Fourth amendment, we need not look to the Fourteenth Amendment substantive due process right. "We assume that claims of excessive force outside the context of a seizure still may be analyzed under substantive due process principles." *Petta v. Rivera*, 143 F.3d 895, 901 (5th Cir. 1998) (quoting *Landol–Rivera v. Cruz Cosme*, 906 F.2d 791, 796 (1st Cir.1990)). Therefore, because this claim arose during the course of a seizure, the claim does not give rise to a substantive due process analysis.

conduct." *Price v. Elder*, 175 F. Supp. 3d 676, 678 (N.D. Miss. 2016) (citing *Kinney v. Weaver*, 367 F.3d 337, 358 (5th Cir.2004)).

Plaintiff claims that he engaged in protected speech when "he exercised his continually protected right to question law enforcement and/or engaged in protected speech…." Pl.'s Am. Compl. at ¶ 74. Plaintiff claims that the excessive force was retaliation for his speech. Plaintiff does not assert that the Individual Defendants arrested him for his statements.[4] Plaintiff alleges that the officers imposed the excessive force as retaliation for his speech. Therefore, Plaintiff's First Amendment claim is based on the same events as his Excessive Force claim. For the following reasons, the Court holds that the First Amendment may not be invoked in this manner.

As stated above, in reference to Plaintiff's Fourteenth Amendment claim, in *Graham*, the United States Supreme Court recognized that when an individual asserts a claim that a law enforcement officer used excessive force during the course of arrest, the Fourth Amendment is the proper Constitutional Amendment, under which, to analyzes this claim. *Graham,* 490 U.S. at 395. The Supreme Court later relied on *Graham*, conducting an exclusive Fourth Amendment analysis even though the complainant asserted violations of due process under both the Sixth and Eighth Amendments as well. *Tennessee v. Garner*, 471 U.S. 1, 5, 7–22, 105 S.Ct. 1694, 85 L.Ed.2d 1, (1985).

Many lower federal courts have also extended *Graham*, concluding that the Fourth Amendment subsumes the First Amendment claims based on alleged excessive force used during arrest. *See Price*, 175 F. Supp. 3d 676, 679 (N.D. Miss. 2016) ("the Court finds that the Fourth Amendment functions as the exclusive remedy for Plaintiff's assertion that excessive force was

---

[4] Such a claim would be foreclosed by the doctrine enunciated in *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), which generally precludes a plaintiff from maintaining a cause of action under Section 1983 that would call into question the lawfulness of a criminal conviction. *Price v. Elder*, 175 F. Supp. 3d 676, 678 (N.D. Miss. 2016).

used in connection with his arrest. His First Amendment retaliation claims must be dismissed."); *Jenkins v. Town of Vardaman, Miss.*, 899 F.Supp.2d 526, 534 (N.D. Miss. 2012) ("An allegation that excessive force was used in the course of making an arrest is clearly a Fourth Amendment, not a First Amendment, matter."); *Kirk v. Bostock*, No. 09–CV–15018–DBH, 2011 WL 52733, at *3 (E.D. Mich. Jan. 7, 2011) (granting summary judgment on First Amendment claim based on "the same set of facts" as the Fourth Amendment excessive force claim).

The Court finds that the Fourth Amendment functions as the exclusive remedy for Plaintiff's excessive force claims in connection with his arrest. Therefore, Plaintiff's First Amendment Claim for retaliation is **DISMISSED**.

### D. Municipal Liability

To assert a claim against the Municipalities, Plaintiff must first identify an official policy of the municipality. *Malone v. City of Fort Worth, Texas*, 297 F. Supp. 3d 645, 654 (N.D. Tex. 2018). In the instant case, Plaintiff failed to identify an official policy of the municipality and has only listed McLennan County and the City of Waco as Defendants. Pl.'s Am. Compl. at 2. Nowhere else within his complaint does Plaintiff mention the Municipalities, nor does he assert that the Municipalities are liable. *See Id*. Plaintiff merely alleges that the Individual Defendants were acting pursuant to Municipal custom, policy, or practice. *Id*. Plaintiff points to no specific policy or action by a policy maker in his Complaint. Plaintiff's allegations as to McLennan County and the City of Waco are conclusory and not based on any specific facts. Therefore, Plaintiff's claims against McLennan County and the City of Waco are **DISMISSED**.

### E. Rule 7(a)

When a public official pleads the affirmative defense of Qualified Immunity, Rule 7(a) allows a district court to require the plaintiff to reply to that defense in more detail. *Schultea,* 47

F.3d. at 1433. However, in this case and as discussed above, the Court has determined that more discovery is required to determine the fact questions relating to the knowledge and actions of both Plaintiff and the Individual Defendants. Thus, Plaintiff need not reply in more detail. Accordingly, Defendants' Motion for Rule 7(a) Reply and Stay of Discovery is **DENIED**.

## IV. CONCLUSION

Accordingly, it is **ORDERED** Defendant's Motion to Dismiss is **GRANTED** in part and **DENIED** in part, in accordance with this order. Defs.' Mot., ECF No. 15. Defendants' Motion for Rule 7(a) Reply and Stay of Discovery is hereby **DENIED**. *Id.*

SIGNED this 5th day of November, 2020.

**ALAN D ALBRIGHT**
**UNITED STATES DISTRICT JUDGE**